UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIERONE BANK, )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>HARTFORD CASUALTY INSURANCE )<br>COMPANY, and HARTFORD ACCIDENT )<br>AND INDEMNITY COMPANY, )<br>)<br>    Defendants. )<br>)<br>)<br>) | Case No. 4:08-CV-03156 |

**AGREED PROTECTIVE ORDER**

In accordance with the Unopposed Motion for Agreed Protective Order (filing no. 39) Plaintiff, TierOne Bank and defendants, Hartford Casualty Insurance Company and Hartford Accident and Indemnity Company (together, "Defendants"), pursuant to Rule 26(c) and Rule 29 of the Federal Rules of Civil Procedure, stipulate and agree as follows:

1. The parties stipulate and agree that certain:

(a) documents, information and things which will be produced during discovery;

(b) evidence which will be adduced prior to the time of trial and portions of testimony to be taken (whether at deposition, or hearing);    (c) pleadings, affidavits, briefs, motions, transcripts and other writings which are or may be filed;    (d) non-public consumer information protected under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*; and    (e) various other matters which include, but are not limited to, information which any party may deem confidential;contain trade secrets or include information sensitive to the parties' business, customers, and/or affairs shall be entitled to protection against disclosure pursuant to this Protective Order (such information being "Confidential").

2. This Protective Order shall be without prejudice to the right of any of the parties to this action: (i) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not "Confidential," as defined in Paragraph 1 of this Protective Order; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Protective Order on any ground. During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order. The party claiming information is "Confidential" shall bear the burden of proving the information is entitled to protection in the event of a dispute.

3. Nonpublic personal information of TierOne Bank's customers protected by Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.,* shall automatically be deemed "Confidential" under Paragraph 1 of this Protective Order. If a party determines that any other type of document or thing of any description to be furnished, produced, or made a part of any pleadings or papers to be filed, or any briefs, testimony, affidavits and/or evidence to be offered, contains or may contain information which that party believes to be "Confidential" pursuant to Paragraph 1 of this Protective Order, the party requesting protection shall designate such document, testimony, or affidavits as "Confidential" in the following manner:

    a. The party seeking protection shall affix to the documents, by stamp or otherwise, a statement that the material is "Confidential;"

    b. In the case of pleadings or other papers or writings, by advising the other party in writing of the portions deemed to be "Confidential;"

    c.    In the case of transcribed hearings, transcribed files, deposition testimony or affidavit, by advising the other party in writing of the witnesses whose testimony is deemed to be confidential. Designation may also be made orally by counsel during deposition.

    d.    A party may also designate as "Confidential" material already produced by providing a written list to the other party identifying the material(s) it wishes to designate as "Confidential."

4.    Documents, things, testimony, pleadings, various matters and information designated as "Confidential" by any party to this action:

    a.    Shall be used only for the purpose of this litigation, as otherwise agreed to by the parties, or as ordered by any court or required by law, and may not be used or disclosed for any other purpose;

    b.    Except as allowed under paragraph 4(a) shall not be disclosed to anyone other than the Court, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, and any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants or experts; and

    c.    If any party, attorney, or individual shall disclose "Confidential" material(s) or information to a consultant, expert witness, or non-party witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed agreement whereby such person agrees to be bound by the terms of this Protective Order. A copy of each executed confidentiality agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request,

shall produce the same to counsel for the non-disclosing party. If any party discloses "Confidential" material(s) or information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and to obtain a signed confidentiality agreement whereby the non-trial expert agrees to be bound by the terms of this Protective Order. Although a copy of each executed confidentiality agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed confidentiality agreement shall be produced to the non-disclosing party only upon court order.

5.  If any documents that have been disclosed and designated as "Confidential" by any party to this Protective Order shall be filed with the Court, then electronic access to this information is to be limited to the parties of record and court users, and such "Confidential" documents shall be electronically filed as "restricted access" documents. "Confidential" documents may be filed as a restricted access filing without further order of the Court. Nothing in this paragraph limits the Court's discretion and ability to lift the restricted filing status of a pleading or document, strike it, or order the filing party to place a redacted copy of the pleading or document on the public docket.

In the event a party believes "Confidential" documents should be filed under seal, with electronic access available only to court users, counsel shall electronically file the documents under seal, and shall submit a proposed sealing order to the undersigned designating specifically the documents involved.

4

6.  TierOne Bank is authorized to produce to Defendants nonpublic personal information of TierOne Bank's customers that would otherwise be protected by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq*.

7.  This Protective Order may be modified by the Court at any time on its own motion. The Court may also impose sanctions or find in contempt any part or person bound by this Protective Order found in violation of the terms of this Protective Order.

8.  After the final determination of this action, upon request, each party to this litigation shall assemble and return to the producing party or parties the originals and all copies of documents produced in discovery and designated by the producing party as "Confidential." All other materials, memoranda or documents embodying materials and documents constituting "Confidential" information not returned shall continue to be held subject to the terms of this Protective Order.

9.  This Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors and assigns.

10. Nothing in this Protective Order shall be construed to limit the use of information obtained by lawful means or from sources other than this litigation.

This Agreed Protective Order is agreed to by:

| DATED this 20th day of December, 2008. | DATED this 20th day of December, 2008. |
|---|---|
| By: s/ Bartholomew F. Reuter<br>Thomas L. Shriner<br>Bartholomew F. Reuter<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, Wisconsin 53202<br>414.271.2400<br>414.297.4900 (facsimile)<br><br>*Counsel for Plaintiff* | By: s/ Keith Witten<br>Keith Witten<br>Gilliland & Hayes, P.A.<br>8717 West 110th Street, Suite 630<br>Overland Park, KS 66210<br>(913) 317-5100<br>Fax (913) 317-9100<br><br>*Counsel for Defendants* |

MILW_8017953.1

Good cause having been shown, it is **SO ORDERED.**

DATED: December 23, 2008.

                                                   BY THE COURT

                                                   s/ *David L. Piester*
                                                 David L. Piester
                                                 United States Magistrate Judge

MILW_8017953.1